IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EUGENE BLACKMON | § | |
|     TDCJ-CID #485431 | § | |
| v. | § | C.A. NO. C-08-273 |
| | § | |
| WARDEN KUKUA, ET AL. | § | |

## ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the Chase Field W6 in Beeville, Texas. Proceeding pro se, he filed a civil rights action pursuant to 42 U.S.C. § 1983. (D.E. 1). Pending is his motion for appointment of counsel. (D.E. 64).

No constitutional right to appointment of counsel exists in civil rights cases. See Baranowski v. Hart, 486 F.3d 112, 126 (5th Cir. 2007); Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994) (per curiam). A district court is not required to appoint counsel unless "'exceptional circumstances'" exist. Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987) (quoting Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam)). The Fifth Circuit has enunciated several factors that the Court should consider in determining whether to appoint counsel:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case.

Jackson, 811 F.2d at 262 (citing Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982)); accord Norton v. Dimazana, 122 F.3d 286, 293 (5th Cir. 1997).

Upon careful consideration of the factors set forth in Jackson, the Court finds that appointment of counsel is not warranted at this time. Regarding the first factor, plaintiff's civil rights claims do not present any complexities that are unusual in prisoner actions. The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff has thus far demonstrated that he is able to adequately communicate and file pleadings with the Court. The fourth factor requires an examination of whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. Plaintiff's action has not been scheduled for trial; consequently, at this time, the appointment of counsel for trial would be premature. Finally, there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case.

In his pending motion, plaintiff argues that the Sixth Amendment of the United States Constitution requires that he be provided a court-appointed attorney. (D.E. 64, at 1). The right to the assistance of counsel in the Sixth Amendment is afforded to criminal defendants. U.S. Const. amend. VI. Here, plaintiff is proceeding in a civil action. The Fifth Circuit has determined "that the right to retain counsel in civil litigation is implicit in the concept of fifth amendment due process." Potashnick v. Port City Constr. Co., 609 F.2d 1101, 1117 (5th Cir. 1980) (citations omitted). Thus, plaintiff has the right to hire his own attorney, but this "right does not require the government to provide lawyers for civil litigants in civil matters." Id. at 1118; see also United States v. Coven, 662 F.2d 162, 176 (2d Cir. 1981) (noting that the Sixth Amendment does not apply to civil actions) (citation omitted).

For the foregoing reasons, plaintiff's motion for appointed counsel, (D.E. 64), is DENIED without prejudice.

ORDERED this 9th day of April 2009.

*[signature]*
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE