IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EUGENE BLACKMON | § | |
|     TDCJ-CID #485431 | § | |
| v. | § | C.A. NO. C-08-273 |
| | § | |
| WARDEN KUKUA, ET AL. | § | |

### OPINION AND ORDER DENYING MOTION TO AMEND COMPLAINT

Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the Ramsey Unit in Rosharon, Texas. Proceeding pro se, he filed a civil rights action pursuant to 42 U.S.C. § 1983. (D.E. 1). Pending is plaintiff's motion seeking leave to amend coupled with a proposed amended complaint. (D.E. 97, 99). Pending also is plaintiff's motion for summons of various individuals addressed in the proposed amended complaint. (D.E. 98).

On August 1, 2008, plaintiff filed this action against Warden Kukua, Exiquio Garza, Mark Garza, Oliver Esparza, and R. Tucker. (D.E. 1). On September 19, 2008, an order for service of process was ordered on these defendants. (D.E. 22). On December 23, 2008, they filed their answer. (D.E. 27). On April 20, 2009, defendants filed a motion for summary judgment. (D.E. 73). On July 2, 2009, a memorandum and recommendation was issued recommending that defendants' motion for summary judgment be granted. (D.E. 87). This recommendation is still pending before the district judge. Defendants have filed opposition to both pending motions. (D.E. 102, 103).

Defendants argue that "it would be futile to grant Blackmon's motion for leave to amend his complaint because the ground for dismissal provided in the Report and Recommendation would still be applicable." (D.E. 102, at 3). This argument presumes that the district judge will adopt the recommendation, which may or may not be correct.

Plaintiff's motions were filed over three months after the issuance of the memorandum and recommendation and six months after the summary judgment motion. (D.E. 98, 99). Moreover, they do not provide any explanation for this delay or their timing. Id.

Where a responsive pleading has been served as in this action, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); accord Foman v. Davis, 371 U.S. 178, 182 (1962). However, the granting of such leave is not automatic. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. Unit A July 1981); Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979) (per curiam). Denial may be warranted where there is "an undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Foman, 371 U.S. at 182; accord Gregory v. Mitchell, 634 F.2d 199, 203 (5th Cir. 1981); see also Ross v. Houston Indep. Sch. Dist., 699 F.2d 218, 228 (5th Cir. 1983) ("When the motion is presented after undue delay or when it could occasion undue prejudice to the opposing party, the denial of leave is proper.").

In Addington, the Fifth Circuit affirmed the denial of leave to amend the complaint where plaintiff's motion to amend "more than a year after [plaintiff's] institution of suit, after discovery had been terminated and after the defendant's motion for summary judgment." 650 F.2d at 667; see also Gregory, 634 F.2d at 203 (no abuse of discretion in denying amendment where defendant had filed a summary judgment motion); Layfield, 607 F.2d at 1098-99 (same). The Addington court explained that granting an amendment at such a late date would likely prejudice the defendant. 650 F.2d at 667. Here, plaintiff has delayed until about six months after

defendants filed their motion for summary judgment as well as three months after a recommendation that summary judgment be granted in defendants' favor.  Plaintiff argues that the delay resulted from being transferred.  (D.E. 97, at 2).  He could have engaged in discovery to obtain such information since December 23, 2008 when defendants filed their answer.  The delay in seeking the amendment is unwarranted and would be prejudicial to defendants given the current posture of the litigation.

Accordingly, plaintiff's motion for summons of various individuals addressed in the proposed amended complaint, (D.E. 98), and plaintiff's motion seeking leave to amend coupled with a proposed amended complaint, (D.E. 99), are DENIED.

ORDERED this 4th day of November 2009.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE